

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe J. Fisher
District Attorney
Jasper, Texas

Dear Sir:                                 Opinion No. O-2761

                                    Re:  When the District Court
                                         may sentence a defendant
                                         in a capital case.

        Your request for an opinion of this department has
been received.  Below, we set out the facts as given us in
your letter:

        "The Court of Criminal Appeals affirmed
    a death sentence given Bennie Smith from Sabine
    County, November 5th.  Court is now in session
    in Sabine County but will adjourn November 22nd.
    The defendant will naturally file a Motion for
    Rehearing and it will likely be twenty days or
    more before the Mandate is returned.  The ques-
    tion then arises; (1) Whether the District
    Judge can sentence Bennie Smith in vacation;
    (2) or will it be necessary to wait until the
    next regular term, which will be six months;
    (3) or whether the Judge can call a Special
    Term for the purpose of pronouncing sentence."

        Article 676, Code of Criminal Procedure, provides
that:

        "A 'sentence' is the order of the court,
    made in the presence of the defendant, and
    entered of record, pronouncing the judgment,
    and ordering the same to be carried into
    execution in the manner prescribed by law."

        Article 769, Code of Criminal Procedure, provides:

        "When an appeal is taken from a death
    penalty, sentence shall not be pronounced,

but shall be suspended until the decision
of the Court of Criminal Appeals has been
received.   * * *."

We shall first consider whether or not the court
may legally sentence Bennie Smith in vacation.  The answer
is no.  In the case of Jim Dodd vs. The State, 77 Cr. R.
543, 179 S. W. 564, appeal was had from a conviction of bur-
glary.

"The term of court at which appellant
was tried adjourned without a sentence.  In
vacation and in chambers the judge entered the
sentence.  This under our statute is the final
judgment, and an appeal to this court can not
lie until sentence has been pronounced.  Sen-
tence must be pronounced during the term of
the court.  The court can not sentence a de-
fendant in vacation.  When court adjourned
his authority over the case closed, where
notice of appeal had been given to this court,
except in cases specially provided by statute.
This pronouncing of sentence is not authorized
in vacation, nor is it authorized at any time
except during a term of the court.  The Assist-
ant Attorney General moves to dismiss the ap-
peal for this reason and it must be sustained."
(Davidson, J.)

Since the defendant cannot be sentenced in vacation,
the question, as you state it, now arises as to whether the
court must postpone that action until the next regular term,
which is several months hence, or may the judge call a special
term for that purpose.

Article 1920, Revised Civil Statutes, 1925:

"Whenever a district judge deems it advisable
to hold a special term of the district court in
any county in his district, such special term
may be held; and such judge may convene such term
at any time which may be fixed by him.  * * *."

The act of fixing and holding a special term of court
is within the district judge's sound discretion.  Perry vs.

Walston, (C.C.A.) 96 S. W. (2d) 834.

At such a term the judge may pronounce sentence. In the case of Ex parte Young, 49 Cr. R. 536, 95 S. W. 100, applicant was charged and convicted of murder and his punishment assessed at death. It was appealed to the Court of Criminal Appeals where the judgment was affirmed, and a motion for rehearing overruled. The mandate was issued after the regular term of the district court had expired. The judge called a special term of the court for the sole purpose of sentencing applicant under the statutory authority of the Acts of the 29th Legislature, Chapter 85, Page 116, the gist of which is now found in Article 1920, supra. The defendant applied for a writ of habeas corpus. The Court of Criminal Appeals denied the writ, finding that "it was clearly within the power of the judge "to call the special session of the District Court * * * for the specific purpose of sentencing applicant."

Further, in the cause of Ex parte Boyd, 50 Cr. R. 309, 96 S. W. 1080, we find a practically identical fact situation. There, Henderson, J., speaking for the Court of Criminal Appeals said:

"This statute was construed by this court in Ex parte Young, 15 Texas Ct. Rep., 852; and it was there held that said statute authorized the judge of the district court of any county in this State, to convene a special term of his court at any time which may be fixed by him. We think the proposition there announced, in construing said statute, is a sufficient answer to this application. We would observe, however, that the Constitution (article 5, section 7) gives plenary power to the Legislature to authorize the holding of special terms of the district courts. We quote therefrom, as follows: 'The Legislature shall have power, by general or special laws, to authorize the holding of special terms of the court, or the holding of more than two terms in any county for the dispatch of business.' Of course, the Legislature could authorize the judge to fix the date of these terms.

"Did the Act of the Twenty-Ninth Legislature repeal that part of the old law (Revised Statutes, articles 1113-4) which required

said order to be made at a preceding term
of the district court? It would seem that
one of the purposes of the new statutes was
to obviate this, and to authorize the judge
in vacation to order a special term of his
court. Sections 1 and 2 of the new act in
effect re-enacted said above mentioned sec-
tions of the old act, leaving off any refer-
ence to any entry of the order during a regu-
lar term. Moreover, the language of the new
statute, in effect eliminates the idea that
the order must be entered during term time.
The judge is authorized, where he deems it
advisable, to order a special term, and au-
thorize him to convene such special term
of the court at any time which may be fixed
by him. 'Where' in this connection, we take it,
does not refer to place, but to the time when
he may deem it advisable. Of course, he must
fix the term of the court before he convenes
it. We might state, in passing, as we under-
stand, it was one of the purpose of this new
act, if not the main purpose, to expedite the
trial and disposition of a certain class of
crimes which have become more or less preva-
lent in this country, and it was intended to
authorize the judge, in vacation, to call a
special term of the court, and as a new
feature of the act, gave him power to empanel the
grand jury to indict offenders, and try such
cases. It will be seen that one of the main
objects of the enactment would be defeated, if
the court should be compelled to wait the con-
vening of a regular term before he could call a
special term of his court."

In conclusion, we wish to point out that Article 1923,
Revised Civil Statutes, providing for the extension of a term
of court was not considered here because the express wording of
that statute precludes any possible application to this fact
situation; viz, "Whenever a district court shall be in the
midst of the trial of a cause when the time for the expiration
of the term of said court arrives * * *" the judge is authorized

to extend the term.  (Underscoring ours).

   We believe that this fully answers your inquiry.

      Yours very truly,

Approved Nov 18, 1941    ATTORNEY GENERAL OF TEXAS

(s)  Grover Sellers
First Assistant
Attorney General     By
        (s)  Wm. J. Fanning
          Assistant

      By
        (s) Grundy Williams

Approved
Opinion
Committee
By BWB
Chairman


GW:RS